## Richmond.

FLORANCE, TRUSTEE, v. MORIEN AND OTHERS.

JANUARY 25, 1900.

1. APPEAL AND ERROR—*Amount in Controversy—Taxes—Title to Land.*—
The right to subject land to the lien thereon for taxes is not a
controversy concerning the title to the land, and if a decree for
such taxes amounts to less than $500, no appeal lies therefrom to
this court.

2. APPEAL AND ERROR—*Record.*—Papers upon which a cause was not
heard in the trial court constitute no part of the record of the
cause, and cannot be considered in this court.

3. DEEDS—*Description—Notice—Registry.*—If property conveyed be so
described or identified in the conveyance that a subsequent pur-
chaser or encumbrancer would have the means of ascertaining with
accuracy what and where it is, and the language be such that, if he
should examine the instrument itself he would obtain thereby actual
notice of all the rights which were intended to be created or con-
ferred by it, the description is sufficient, and the registry of such
conveyance operates as constructive notice to subsequent purchasers
or encumbrancers.

Appeal from a decree of the Circuit Court of Henrico county
pronounced June 17, 1899, in a suit in chancery, wherein the
appellee, John R. Morien, was the complainant, and the appel-
lant, R. R. Florance, trustee, and others were the defendants.

*Affirmed.*

In lieu of certifying the records of the trial court, this cause
is heard in this court under the following agreement of all the
parties:

"It is agreed by and between counsel for all parties in the above styled cause that the following case be stated for the consideration of the Supreme Court of Appeals of Virginia, presenting two questions of law for review, with which the greater part of the papers in the case have nothing to do, and which are accordingly by consent not transcribed or presented further than appears herein.

"On March 10, 1898, John R. Morien filed his bill in the Circuit Court of Henrico county alleging that he was the son and one of the heirs-at-law of Richard Morien, deceased, who had died several years before, leaving him surviving a widow and five children, and seised and possessed of certain real estate located partly in the county of Henrico and partly in the city of Richmond; that by certain partition proceedings previously had in the Circuit Court of Henrico county much of this estate had been disposed of, certain portions of it being assigned to said widow as her dower right in the estate of her said husband; that on the —— day of January, 1898, the said widow and life tenant died, her dower interest thereby coming to an end, and the property devolving at once in remainder upon the said children of said Richard Morien.

"The bill further charged that Richard K. Morien, one of the children of said Richard Morien, deceased, on November 8, 1889, gave a deed of trust in which his wife united to secure the Richmond Perpetual Building, Loan and Trust Company for moneys due it, the property conveyed by said deed being, first, a house and lot belonging to said Richard K. Morien on the southeast corner of Cary and Meadow streets, in the county of Henrico; and, second, 'all the right, title and interest of said Richard K. Morien and wife in and to the real estate lying in the county of Henrico of which Richard Morien died seised and possessed, together with any and all other real estate which they may own, and any and all right, title and interest which they may have in and to any and all real estate in said county

of whatever kind or wheresoever the same may be, or however acquired by said Richard K. Morien and wife.' It was further charged that at a sale under said deed of trust the Richmond Perpetual Building, Loan and Trust Company bought as well the property specifically described in said deed as the undivided share of said Richard K. Morien in said dower property, but that said Richard K. Morien had afterwards, to wit: on the 24th day of February, 1898, given a deed of trust upon his undivided interest in said estate to R. R. Florance, trustee, to secure to Addie Hayes the payment of the sum of $1,112.00, and to Boyce D. Brooker the sum of $68.00. The prayer of the bill was in the usual form for a partition of the property which was divisible in kind, and for a sale of such as was not divisible, and a distribution of the proceeds according to the respective rights of the parties.

"It is further agreed that Richard Morien, the father of said John R. Morien, died seized and possessed of other real estate in Henrico county than the property described in said bill, which property so described consisted of, first, the old homestead premises in Henrico county, near the corporate limits of Richmond, on the south side of Cary street at its intersection with Ritchie street; and, second, certain islands in James river, near the new pump-house, known as Cedar Islands, and containing about ten acres of land; and that said Richard K. Morien was interested in several pieces of real estate in said county in addition to the property above described at the time that he made said deed of trust to the trustees of said building, loan and trust company.

"Answers were duly filed by certain of the defendants, among them said loan and trust company, admitting the allegations of the bill, and alleging the purchase by it of said undivided interest of said Richard K. Morien at a sale under said deed of trust, and asserting its title to same. An answer was also filed by said R. R. Florance, trustee, averring the lack of actual notice to him

of said deed of trust from Richard K. Morien to the trustees of said loan and trust company at the time of the conveyance to him as aforesaid, and alleging that in consequence of the vague and indefinite description to the property in the deed to said company's trustees, its recordation constituted no notice to him or his beneficiaries, and that they were consequently purchasers for value of said Richard K. Morien's interest in said property, and without notice of any prior lien or claim upon it. Said lack of actual notice to said Florance is also conceded by counsel for said company.

" By decree of May 21, 1898, the cause having been duly matured, was referred to a commissioner of said Circuit Court of Henrico county. In the course of proceedings had before him it appeared among other things that a large amount of State and county taxes upon said property which had accrued during said life tenancy was unpaid and stood upon the tax books as a charge against the same, being listed in the name of 'Richard Morien's heirs.' On December 21, 1898, the commissioner filed his report, to which exception was duly taken on two grounds, namely:

"*First.* Because of his finding that the real estate in suit was liable in the hands of remaindermen for taxes accrued thereon during the life tenancy; and,

"*Second.* Because of his finding that said deed of trust from said Richard K. Morien to the trustees of said company gave constructive notice to said Florance, trustee, of the conveyance of the undivided interest of said Richard K. Morien in said dower property, and that the deed to said Florance, trustee, was therefore postponed to the claim of said Richmond Perpetual Building, Loan and Trust Company.

" Said Circuit Court, however, overruled these exceptions, and, on June 17, 1899, entered a decree confirming the report as follows:

" ' This day this cause came on to be again heard upon the papers formerly read, and upon the exceptions to the report of Commissioner W. H. Sands heretofore filed, and was argued by counsel.

" 'On consideration whereof, the court being of opinion that the real estate in suit is, notwithstanding section 661 of the Code, liable in the hands of the plaintiff and his co-tenants for the taxes which accrued thereon during the lifetime of their mother, Mrs. Elizabeth Morien, the life tenant, who was responsible for the payment of same, it is accordingly so decided; and the court being further of opinion that the trust deed given by Richard K. Morien to secure the Richmond Perpetual Building, Loan and Trust Company was sufficient in law to charge subsequent purchasers with notice of same, it is considered that R. R. Florance, trustee, must be deemed to have had knowledge of said first-mentioned conveyance, and that he took said property subject to the lien thereof.

" ' The court doth therefore overrule both said exceptions and confirm the report of Commissioner Sands aforesaid.

" ' But counsel for R. R. Florance, trustee, having expressed a purpose to apply for an appeal from this decree, execution of same is suspended for a period of ninety days. And said Florance being a fiduciary, he is not required to give any bond on account of this suspension order.

" ' Copy of decree, &c.' "

*A. W. Patterson* and *George Bryan,* for the appellants.

*Attorney-General A. J. Montague* and *William Ellyson,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first assignment of error is that the Circuit Court erred in holding that the real estate sought to be partitioned was

liable in the hands of the heirs of the decedent and those who held under them for the State and county taxes remaining unpaid with which it had been assessed during the lifetime of his widow, to whom it had been assigned as dower.

It does not appear that the taxes in controversy, either to the State or county, amount to the sum of $500. This court is, therefore, without jurisdiction so far as the decree complained of is in favor of the Commonwealth and the county of Henrico, unless the title to the real estate is drawn in question, as appellants contend. It does not appear, as counsel for appellants insist, that the Auditor had become the purchaser of the land upon the failure of the life tenant to pay the taxes, and that the Commonwealth's title thus acquired is drawn in question. The certificate of the clerk of the County Court of Henrico county stating that there had been such a sale cannot be considered here, as it is not part of the record upon which the case was heard in the Circuit Court.

Taking advantage of the wise provisions of section 3460 of the Code, the parties agreed such facts, and brought up such portions of the record only, as they thought sufficient to enable this court properly to decide the case. The record so made up shows that, in the course of the proceedings before the commissioner to whom the case had been referred, it appeared and he reported "that a large amount of State and county taxes upon said property which accrued during said life tenancy" (of the widow) "was unpaid and stood upon the tax books as a charge against the same, being listed in the name of 'Richard Morien's heirs'"; that his report was excepted to because of his finding that the real estate was liable in the hands of the remainderman for taxes which accrued during the life tenancy; that the decree of the court overruled that exception and held that the land was "liable in the hands of the plaintiff and his co-tenants for the taxes which accrued thereon during the lifetime of their mother.  .  .  .  ."

From these facts, and they are substantially all that are dis-
closed by the record filed in this court as to the controversy
between the appellants and the Commonwealth and county of
Henrico, it is clear that the question raised in the Circuit Court
and decided by it was as to the lien of the taxes upon, and not as
to the title of the appellants to, the land, and that this court is
without jurisdiction to review the decree so far as it is in favor
of the Commonwealth and the county of Henrico (*Umbarger* v.
*Watts*, 25 Gratt. 167; *Hartsook's Adm'r* v. *Crawford's Adm'r*,
85 Va. 413); and as to them the appeal must be dismissed as
improvidently awarded.

The second and remaining assignment of error is to the action
of the court in holding that the deed of trust executed by
Richard K. Morien to secure the Richmond Perpetual Building,
Loan and Trust Company had priority over the deed of trust
executed by him to R. R. Florance, trustee, to secure certain
other creditors.

The ground of this contention is that the description of the
land in the first-named deed of trust is not sufficient to charge
subsequent purchasers with notice under the registry laws.

The description of the lands conveyed by the prior deed of
trust is as follows: First, a house and lot, belonging to said
Richard K. Morien, on the southeast corner of Cary and Meadow
streets, in the county of Henrico; and, second, "all the right,
title and interest of said Richard K. Morien and wife in and to
all the real estate lying in the county of Henrico of which
Richard Morien died seized and possessed, together with any
and all other real estate which they may own, and any and all
right, title and interest which they may have in and to any and
all real estate in said county, of whatever kind or wheresoever
the same may be, or however acquired by the said Richard K.
Morien and wife." The junior deed of trust embraced all of
Richard K. Morien's interest in his father's estate, and it is
agreed that Florance, trustee, had no actual notice of the prior

deed of trust.   The commissioner to whom the case was referred reported that "the deed to the trustees of the Richmond Perpetual Building, Loan and Trust Company describes the property with sufficient accuracy to enable any and all parties interested to ascertain what interest, if any, passes thereunder.   In fact, the description is almost identical with the Florance deed.   It locates the property in Henrico county, and as the interest of Richard K. Morien in the real estate of his father, Richard Morien, in said land."   The commissioner's report was excepted to " because of his finding that said deed of trust from said Richard K. Morien to the trustees of said company gave constructive notice to said Florance, trustee, of the undivided interest of said Richard K. Morien in said dower property, and that the deed to said Florance, trustee, was, therefore, postponed to the claim of said Richmond Perpetual Building, Loan and Trust Company."   The court overruled that exception, and held that the prior deed of trust was sufficient to charge Florance, trustee, with notice.

From the commissioner's report and the exception to it, it appears that the controversy in this case between the trust creditors is over the property described in the prior deed of trust as "all the right, title and interest of said Richard K. Morien and wife, in and to the real estate lying in the county of Henrico of which Richard Morien died seized and possessed."   Is that description sufficient to give notice to subsequent purchasers under the registry laws?

The object of the registry laws is to compel every person receiving an instrument required to be registered to place it upon the records in order that he may thereby protect his own rights as well as those who may afterwards acquire an interest in the same property.   The recorded instrument is sufficient to operate as constructive notice under the registry laws if the property be so described or identified that a subsequent purchaser or incumbrancer would have the means of ascertaining

with accuracy what and where it was, and the language used be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it.   2 Pom. Eq. Jur., sections 649, 654; 2 Minor's Inst. 977 (4th ed.); 2 Devlin on Deeds, section 650; *Le Neve* v. *Le Neve*, 2 W. & T. Lead. Cases, pt. 1, p. 205 and notes.

The deed in this case shows from whom the property in controversy was derived or acquired, in what county it was located, and that all the grantor's right, title and interest therein was intended to pass by it for the purposes for which it was executed. No subsequent purchaser or encumbrancer could have read that deed without obtaining actual notice of all the rights which the beneficiary under it is now asserting.

We are of opinion, therefore, that it was sufficient in law to charge subsequent purchasers with notice thereof, and that the appellant, Florance, trustee, must be deemed to have had notice of it, and to take subject to the lien thereof.

The decree appealed from must be affirmed.

*Affirmed.*