# CIRCUIT COURT OF PITTSYLVANIA COUNTY

Wells Fargo Bank, N.A.,
trustee for Carrington
Mortgage Loan Trust, et al.

v.

F. Bosley Crowther, III,
John L. Gregory, III, et al.

July 10, 2009

Case No. CL08000583-00

BY JUDGE CHARLES J. STRAUSS

In this case a dispute arose as to the priority of two deeds of trust recorded in Pittsylvania County, I will refer to them as the Wells Fargo Deed of Trust and the Crowther Deed of Trust. The Plaintiff, Wells Fargo, asserts the priority of their lien over the Crowther Deed of Trust based on notice of the lien given in a prior deed of trust on the property recorded in Henry County. The defendant, Crowther, while agreeing they were aware of the Henry County Deed of Trust and its contents, asserts that their deed of trust recorded in Pittsylvania County was first in time and that they were without notice of the encumbrance in Pittsylvania County.

The defendant, Crowther, relies on § 55-97 of Code of Virginia and the Supreme Court holdings in *Horsley v. Garth*, 43 Va. (2 Gratt.), 471 (1846), in which the Supreme Court opined that, "where a deed conveys several tracts of land lying separately, in different counties, the recordation thereof in only one of the counties is not effectual, in regard to the tract or tracts lying in the other county or counties." *Supra*, at p. 490. The plaintiff, Wells Fargo, bases its argument on the Supreme Court decision in *Richardson v. AMRESCO Resid. Mtg. Corp.*, 267 Va. 43 (2004). The Supreme Court, in that case, held that "a

purchaser of real property has constructive notice not only of the facts appearing on the face of the recorded documents in the chain of title, but also of such other facts of which the purchaser is placed on inquiry based on those recorded instruments." *Richardson,* at p. 52, citing *Shaneen v. County of Matthews,* 265 Va. 462, 477 (2003).

At issue, then, is which of the competing liens has priority on that portion of land lying in Pittsylvania County.

The parties have submitted a stipulation of facts along with Exhibits A through D. The parties agree that the legal description in the Wells Fargo Deed of Trust recorded in Henry County on October 24, 2006, describes the 25-acre parcel as being partly in the Iris Wood Magisterial District of Henry County, Virginia, and partly in the Westover Magisterial District in Pittsylvania County. The description goes on to refer to a plat of survey dated April 25, 2000, recorded in the Henry County Circuit Court clerk's office in deed book 90 at page 506 and in the Pittsylvania County Circuit Court clerk's office in map book 43 at page 261L. The parties further agree that the Crowther Deed of Trust was duly recorded in Henry County on April 27, 2007, and in Pittsylvania County on May 2, 2007. The same Wells Fargo Deed of Trust recorded in Henry County was subsequently recorded in Pittsylvania County on May 29, 2007.

The cases relied upon by the parties, i.e. *Horsley* and *Richardson,* still appear to be correct statements of the law.

"The recordation of deeds of conveyance and liens on real estate is a creature of statute. No such requirement exist at common law." *Horsley, supra* at 47. The purpose of the recording statues is to give constructive notice to purchasers and encumbrancers of prior conveyances and encumbrances. *Chavis v. Gibbs,* 198 Va. 379 (1956). The Federal District Court in *McCormick v. James,* 36 F. 14 (1886), apparently citing an earlier version of § 55-97, stated, "The very object of the legislature in enacting this provision was to give the purchaser or other persons dealing with the property, notice of any encumbrance thereon." The general rule is that first in time will have priority over a subsequent recorded encumbrance. However, *Richardson* stands for the proposition that there may be facts expressly stated in an instrument and other matters therein suggested which may require a purchaser or encumbrancer to inquire further and may place the purchaser or encumbrancer under a duty of inquiry. The failure to make that inquiry may defeat their claim as a *bona fide* purchaser.

In the case of *Florance v. Morien,* 98 Va. 26 (1900), the Supreme Court opined that:

> The recorded instrument is sufficient to operate as constructive notice under the registry laws if the property be so described or identified that a subsequent purchaser or encumbrancer would have the means of ascertaining with accuracy what and where it was, and the language used to be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred.

*Florance*, pp. 33-34.

In that case the descriptive clause said:

> First, a house and lot, belonging to said Richard K. Morien, on the southeast corner of Cary and Meadow streets, in the County of Henrico; and second, all the right, title, and interest of said Richard K. Morien and wife in and to all the real estate lying in the County of Henrico of which Richard Morien died seised and possessed, together with any and all other real estate which they may own, and any and all right, title, and interest which they may have in and to any and all real estate in said county, of whatever kind of wheresoever the same may be, or however acquired by the said Richard K. Morien and wife.

*Florance*, p. 32. Thus the Court found that the deed to the trustees contained not only the specific description of a parcel of property but the general inclusion of all other properties of Richard Morien in Henrico County, which was sufficient to give notice to any subsequent purchaser or encumbrancer. The Court further stated:

> the deed in this case shows from whom the property in controversy was derived or acquired, in what county it was located, and that all the grantors' right, title, and interest therein was intended to pass by it for the purpose for which it was executed. No subsequent purchaser encumbrancer could have read that deed without obtaining actual notice of all the rights which the beneficiary under it is now asserting.

*Florance*, p. 34.

In *Shaneen v. County of Matthews*, 265 Va. 462 (2003), a dispute arose over the existence of a public easement and landing on the private property of the appellants. The Court incorporated language from its previous holdings stating:

a purchaser "must look to the title papers under which he buys, and is charged with notice of all the facts appearing upon their face, or to the knowledge of which anything there appearing will conduct him. He has no right to shut his eyes or his ears to the inlet of his information, and then say he is a *bona fide* purchaser without notice."

*Shaneen*, at 477, citing *Burwell's Adm'rs v. Fauber*, 62 Va. (21 Gratt.) 446 at 463 (1871). "Only a purchaser without notice can take advantage of a failure to record an instrument." *Shaneen, supra*, at 478, citing *National Mut. Bldg. & Loan Ass'n v. Blair*, 98 Va. 490, 498 (1900).

In *Richardson*, while not a case involving priority of liens, the Court reaffirmed the requirement that, in order to be a *bona fide* purchaser, a mortgagee must be without actual or constructive notice of a prior lien; "to attain the status of a *bona fide* purchaser, a mortgagee must establish that it purchased its interest in the property for value, without actual or constructive notice of the latent equity of another." *Richardson, supra*, at 51, citing *Tauber v. Commonwealth*, 263 Va. 520, 538 (2002); *Richmond v. Hall*, 251 Va. 151, 157 (1996); *Gus v. Sydney Realty Corp.*, 204 Va. 65, 72 (1963).

Crowther argues that the Supreme Court in *Murphy's Hotel Co. v. Benet*, 119 Va. 157 (1916), supports his position that, unless the lien is recorded in the county where the land lies, it is not valid against a lien subsequently recorded in that county. The Supreme Court, however, held that only applied to a purchaser for value without notice. In *Murphy*, the Court was deciding the right of priority between certain judgment creditors and a deed of trust creditor. In *Murphy*, the judgment lien creditors from another county failed to record their liens where the property lay. The Court opined:

The claim of the appellants is that the deed of trust, by which the debt due appellee was secured, referred to a prior deed, in the chain of title, which made reference to the several suits, heard together in the City of Richmond, involving the administration and settlement of the A. I. Ford trust estate, and that, if the appellee had investigated those suits, he would have discovered the existence of the judgments which were then unknown to appellee. If it were true that this voyage of discovery would have disclosed appellants' judgments, we were unable to perceive wherein any obligation rested upon the appellee to investigate the suits pending in Richmond. Those suits constituted no part

of his chain of title which was wholly in the county of Gloucester. The deeds there of record gave appellee a sufficient description of the property he was securing his debt upon, and all the information that was needful to accomplish his purpose. An examination of the records in Gloucester county showed that there were no liens by judgment, or otherwise, binding the property except the first deed of trust mentioned for $3,000 and appellee was put upon no such notice, by those deeds, as required him to inquire further than the records of Gloucester county where the lands, in question, were situated.

*Supra*, at p. 162.

*Murphy* is distinguishable and does not support Crowther as he argues. The Court found no duty on the appellee to investigate suits in another jurisdiction. The judgment liens were not in the chain of title. The Court, in *Murphy*, recognizes and affirms a party may be put on notice to make further inquiry.

The deed of trust in this case recorded in Henry County gave a complete description of the one parcel of land containing 25.713 acres lying in both Henry County and Pittsylvania County. (See Exhibit A attached to the stipulation.) In other words, there was one parcel of land divided by the county line. The Transfer of Rights Clause on page 3 of the Deed of Trust refers to property located in Henry County and follows with the language "see legal description attached hereto and made a part hereof as Exhibit A." The legal description refers to "all that certain tract or parcel of land. . . ." which proceeds to describe the 25.713-acre parcel in Henry and Pittsylvania Counties.

A review of the map referred to in the description reveals that the majority of the parcel along with the dwelling and out buildings is located in Pittsylvania County. Access to the property is gained through Henry County on a crushed stone road. There is a smaller soil road that may give ingress and egress in Pittsylvania County. The parties agree that approximately twenty acres of the parcel is in Pittsylvania County and approximately five acres in located in Henry County. The deed of trust encumbered the property in the amount of $100,000.00. (See Exhibit A with stipulation, p. 2.)

Timothy Stone, who originally appraised the property for GMAC (the current Wells Fargo lien), appraised the home and ten acres around the house. (TR 8, 9.) The home and ten acres was the intended collateral for the loan.

The law and the evidence in this case supports plaintiff's position that, while there was no encumbrance recorded in Pittsylvania County at the time that Crowther Deed of Trust was recorded, Crowther was placed on inquiry notice based on the Henry County Deed of Trust and the recorded plat, that the lien was intended to encumber the property in Pittsylvania County. Crowther was under a duty of inquiry to determine the extent of the lien in Pittsylvania County, either through the lender or the property owner. Such an inquiry would have revealed the encumbrance on the property in Pittsylvania County. Crowther was not an innocent purchaser without notice. He cannot simply ignore the facts set forth in Wells Fargo Deed of Trust recorded in Henry County and claim he is without notice in this case. He is, therefore, not protected by § 55-97 Code of Virginia or the Supreme Court holding in *Garth*. He was not a *bona fide* purchaser. The Court therefore declares that the Wells Fargo Deed of Trust recorded in Pittsylvania County is senior to the Crowther Deed of Trust so recorded.