No. 27,115.

DAVID HOLLINGER, *Appellant,* v. THE IMPERIAL WAREHOUSE COM-
PANY, or its successors, trustees, or assigns, THE WHEELER-KELLY-
HAGNY INVESTMENT COMPANY, C. E. FINDLAY, doing business as
C. E. FINDLAY AND COMPANY, E. M. MILES et al., *Appellees.*

#### SYLLABUS BY THE COURT.

MORTGAGES—*Misdescription Naming Wrong Premises—Record as Notice to
Subsequent Purchasers.* A real-estate mortgage which correctly describes an
existing lot in a platted addition to a city, as the property mortgaged, is not
in the line of title to another existing lot in another platted addition to the
city, and the record of such a mortgage does not impart constructive notice
to subsequent purchasers, or mortgagees, for value of the lot last mentioned.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT,
judge. Opinion filed February 12, 1927. Affirmed.

*R. R. Vermilion, Earle W. Evans, J. G. Carey, W. F. Lilleston* and *Arnold
C. Todd,* all of Wichita, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *M. A.
Clarkson,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to reform a real-estate mortgage as to
the real property described therein and to foreclose it as reformed.
It was tried to the court, who made findings of fact and conclusions
of law and rendered judgment for defendants. The plaintiff has
appealed.

It seems that a Mr. English laid out and platted several separate
additions to the city of Wichita, one of which he named "English's
addition to the city of Wichita," and another one of which he named
"English's Fifth addition to the city of Wichita." Lying between
these two, as platted, is "English's Third addition to the city of
Wichita." Emporia avenue extends through the three additions
above mentioned. As platted there is a lot 26 on Emporia avenue
in English's addition to the city of Wichita. This is 25 feet wide and
140 feet deep, and at the time of the giving of the instruments in
question there was a frame residence situated thereon. There was
also a lot 26 on Emporia avenue in English's Fifth addition to the

Evidence, 22 C. J. pp. 130 n. 30, 139 n. 44. Mortgages, 41 C. J. pp. 532 n. 72,
559 n. 49, 565 n. 13; L. R. A. 1916A, 531; 23 R. C. L. 220. Reformation of In-
struments, 34 Cyc. p. 957 n. 15. Vendor and Purchaser, 39 Cyc. pp. 1728 n. 84,
1736 n. 43.

city of Wichita. This lot is 76 feet wide and 140 feet deep. Lot 26 on Emporia avenue in English's addition is about four blocks from lot 26 on Emporia avenue in English's Fifth addition, and on the other side of the street. On January 16, 1919, the Imperial Warehouse Company, a corporation, was the owner of lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita (except the south ten feet thereof). On that date it executed, by its proper officers, its promissory note to John M. Ketchersid in the sum of $17,302, and for the purpose of securing the note, executed a mortgage in which the real property was described as follows:

"Lot (26) twenty-six, on Emporia avenue, English's addition to the city of Wichita, Sedgwick county, Kansas, according to the plat thereof on file in the office of the register of deeds of Sedgwick county, and the brick and tile warehouse building situate thereon, described as being one story, 66x110 feet, with a 20-foot platform abutting the east thereof."

At that time the Imperial Warehouse Company was not the owner of lot 26 on Emporia avenue in English's addition to the city of Wichita, but the intention was to mortgage the property owned by the corporation, namely, lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita, as shown by the recorded plat, etc. The incorrect description was the result of mutual mistake. Thereafter the mortgagee, John M. Ketchersid, sold and assigned the note and mortgage above mentioned to David Hollinger, the plaintiff herein, and the mortgage and the assignment thereof were duly recorded in the office of the register of deeds of Sedgwick county March 1, 1919. At the time this action was brought payment had been made upon the indebtedness evidenced by the note and mortgage above mentioned, leaving a balance due thereon of $8,855.53.

On January 26, 1921, the Imperial Warehouse Company, by its proper officers, executed a general warranty deed to John M. Ketchersid for lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita (except the south 10 feet thereof), which deed was duly recorded July 14, 1921. On May 16, 1921, John M. Ketchersid and wife executed a general warranty deed to Margaret Ketchersid for the same property, which deed was duly recorded July 25, 1921. On August 1, 1921, Margaret Ketchersid and husband executed to A. L. Wright a mortgage for $10,000 on the same property, which mortgage was duly recorded August 22, 1921. This mortgage was assigned by A. L. Wright to J. E. Landsdowne August 22, 1921, which assignment was duly recorded July 7, 1922, and a

release thereof was filed August 1, 1922. On July 20, 1921, Margaret Ketchersid and husband executed a general warranty deed to Minnie S. Miller for the same property, subject only to the mortgage of $10,000 to A. L. Wright, which deed was duly recorded August 23, 1921. On March 16, 1922, Minnie S. Miller and husband executed a general warranty deed to Laura R. Mayall and Opal Mayall for the same property, subject to the $10,000 mortgage to A. L. Wright, which deed was duly recorded March 27, 1922. On July 25, 1922, Laura R. Mayall and Opal Mayall executed a mortgage to the Wheeler-Kelly-Hagny Investment Company in the sum of $8,000 on the same property, which mortgage was duly recorded July 31, 1922. On June 22, 1922, Laura R. Mayall and Opal Mayall executed a general warranty deed to E. M. Miles for the same property, which deed was duly recorded August 1, 1922. In none of the instruments mentioned in this paragraph was any reference made to the mortgage of January 16, 1919, executed by the Imperial Warehouse Company to John M. Ketchersid.

The defendants in this case, other than the Imperial Warehouse Company—E. M. Miles and wife and their tenant and the Wheeler-Kelly-Hagny Investment Company—had no actual knowledge of the mortgage executed by the Imperial Warehouse Company January 16, 1919, to John M. Ketchersid, or the later assignment thereof to plaintiff, until after this action was filed January 31, 1923. At the time of making its mortgage on the property the Wheeler-Kelly-Hagny Investment Company had an abstract prepared and brought down to date by a competent abstracter, which abstract was examined by their attorney. This abstract did not show the mortgage of the Imperial Warehouse Company to John M. Ketchersid of January 16, 1919, nor the assignment thereof to this plaintiff, as being of record against lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita. The defendant, E. M. Miles, purchased the property at the time this loan was made, and in doing so relied upon the abstract made for, and examined by the attorney of, the Wheeler-Kelly-Hagny Investment Company as to the condition of the title to the property. Actual possession of the property was delivered to him by his grantor at the time of such purchase.

Appellant contends that the findings of fact made by the trial court are not in conformity to the evidence in certain respects, and complains that the court did not sustain his motion to modify,

change and enlarge the findings as requested. We have carefully examined this complaint. Much of the evidence consisted of records and of stipulations, and the remaining testimony was not controverted. The findings might have been enlarged in some respects, but we do not regard this defect as serious. They are not inaccurate when compared with the evidence, and they fairly present the legal questions involved.

There would be no difficulty about reforming and enforcing the mortgage against the maker, but the maker is no longer the owner of the property intended to have been mortgaged. The real question is whether Miles is such an innocent purchaser, and the Wheeler-Kelly-Hagny Investment Company such an innocent mortgagee, that it would be inequitable as to them to now reform and foreclose the mortgage. In support of the judgment of the court below it is contended that the mortgage sought to be reformed did not describe lot 26 on Emporia avenue in English's Fifth addition (less the south ten feet) in such a way that the record of it imparted constructive notice to subsequent purchasers and mortgagees of the property; it is conceded they had no actual notice.

When the mortgage upon which plaintiff relies and the assignment thereof to plaintiff were filed for record they were entered in the general index required to be kept by statute (R. S. 19-1205) and recorded at length in suitable books provided for that purpose, as required by the statute (R. S. 19-1204). The record does not disclose whether or not a numerical index was kept as permitted by statute (R. S. 19-1209). Appellant contends that when the abstracter searched the record and compiled the abstract as agent for the defendants Miles and the Investment Company, the general index should have given notice of the mortgage by the Imperial Warehouse Company. But if so, that index, in the column for description, would have shown the mortgage to be upon a lot the chain of title to which the abstracter was not searching. Had this entry been seen—and for this purpose we shall assume that it was, or must have been, seen—it would have referred to a lot in another addition to the city, and there would have been no reason why the abstracter should have examined it further. These defendants, and the abstracter as their agent representing them, would not be required to know what other property in the city of Wichita the Imperial Warehouse Company might own, convey, or mortgage. But it is argued that the fact there was a common grantor, that is to say, the grantor of this mort-

gage was the same as the grantor in one of the deeds of the chain of title to the lot, the title of which they were then searching, made it the duty of defendants, or the abstracter as their agent, to search the contents of that instrument as shown by the records. We see no reason why this conclusion should follow, but conceding for the moment that it does, an examination of the record of the mortgage at length would have disclosed that it purported to be a lien upon another lot in another addition to the city of Wichita, and did not purport to be a lien upon the lot the title to which they were then searching. But appellant contends that because the mortgage gave a description of the building, defendants, or the abstracter as their agent, were bound to know that a building of the size described in the mortgage could not be situated upon lot 26 on Emporia avenue in English's addition, for the reason that the plat, also on file in the office of the register of deeds, disclosed that lot to be 25 x 140 feet. It was rather unusual to describe buildings on a mortgaged property in a mortgage. The fact it was so described might indicate that there was something about the location of the building that would cause it not to pass to a purchaser or mortgagee by a description only of the land upon which it was wholly or in part situated. There would be no reason for a searcher of the title to assume that the building was not situated, in part at least, upon the lot described in the mortgage. We think there was nothing in the index of the record of this mortgage, or in the record of the mortgage at length, that would cause an examiner of the record of the title to lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita (less the south ten feet thereof) to suspect that the mortgage was intended to be a lien upon this lot.

Appellant cites the statute (R. S. 67-222) that the filing of this mortgage imparted notice to all persons of the contents thereof, and that subsequent purchasers and mortgagees shall be deemed to purchase with notice. The difficulty of applying that statute to the facts here is that there was nothing in the mortgage as recorded to impart notice to subsequent purchasers and mortgagees of lot 26 on Emporia avenue in English's Fifth addition to the city of Wichita. Ordinarily, a recorded instrument, to be constructive notice to a subsequent purchaser or mortgagee of the property, must be in the line of title of such property.

In 23 R. C. L. 220 the rule is thus stated:

"On the principle that a prospective purchaser is under no obligation to examine the record of instruments not in the line of title to the property he contemplates purchasing, all courts hold that the record of an instrument which is intended to affect the property, but which, because of defective or erroneous description, is not in the line of title, does not constructively put a subsequent purchaser on inquiry suggested by matters contained in the record itself, unless it be proved that he actually read the record. The reason for the rule is that he cannot be presumed to have read the instrument. So it has been generally held that where the recorded instrument appears by its description to relate to certain land, it is not constructive notice as to other land, which it was intended to describe. If the record of an instrument containing a defective description of the property is sufficient to put those who see it on an inquiry which, duly prosecuted, would disclose the true facts, the recorded instrument is notice to subsequent purchasers. Accordingly if, notwithstanding the error or defect in the description, the instrument appears to be in the line of title, then it is not only constructive notice of all the facts disclosed by the record of the instrument itself, but it puts the searcher upon inquiry suggested by the facts disclosed, and is notice to him of such facts as would have been disclosed by the inquiry. Obviously the question as to what sort of defects in the description will make the instrument appear to be not in line of title will depend on particular facts in connection with particular systems of recording. Generally speaking, however, the point might be illustrated by the difference between an instrument giving a wrong range or block number and one that merely omitted the range or block number. Ordinarily, the first would not be in line of title, and there would be no occasion for the abstracter to look at the deed at all, since he is concerned with property in a different range. On the other hand, the mere omission of the range number, if county, township, and section number were correctly given, would indicate a probability that the instrument is in line of title, especially if there were no other ranges in the county with sections bearing the given section number."

The text is supported by numerous cases. Applying the rule there stated to the case before us, it will be noted that the mortgage sought to be reformed in this case contained a correct description of an existing lot in a platted addition to the city, which lot is not the one mortgaged to the Wheeler-Kelly-Hagny Investment Company and purchased by the defendant Miles. Hence, it was not in the line of the title to such property, and gave no constructive notice to them. Appellant cites *Nolen v. Henry,* 190 Ala. 540, and *Bowen v. Galloway,* 98 Ill. 41, 43, but neither of these cases goes so far as to hold that the description in plaintiff's mortgage was in the line of title to the property purchased by Miles and mortgaged to the defendant investment company.

The mortgage should not be reformed, of course, as against a subsequent purchaser, or mortgagee, for value, who had neither actual

Hollinger v. Imperial Warehouse Co.

nor constructive notice of the mortgage sought to be reformed. (34 Cyc. 956, and cases there cited.)   Appellant calls attention to the statute (R. S. 67-221) making it the duty of the register of deeds when an instrument is filed with him for record, before copying the same in the record, to compare the instrument "with the last record of transfer in his office of the property described, and if he find such instrument contains apparent errors, he shall not record the same until he shall have notified the grantee where such notice is reasonably possible." And appellant argues, had the register of deeds performed his duty, the erroneous description would have been discovered.   We are dealing here with actual or constructive notice to subsequent purchasers and mortgagees for value.   It is difficult to see how the failure of the register of deeds to perform his duty in the respect indicated would constitute, or in any way contribute to, such notice to such purchasers or mortgagees.   More than that, the record is silent upon the question of whether the register of deeds performed the duty imposed upon him by this statute.   In the absence of evidence the presumption is the officer performed his duty.   Hence, no point can be made against appellees because of this statute.

Some other questions are discussed, but in view of the conclusion reached it is not necessary to decide them.          .

The judgment of the court below is affirmed.