# Richmond

HERBERT J. JENNINGS AND ELLEN M. JENNINGS v. CITY OF NORFOLK.

June 18, 1956.

Record No. 4515.

Present, All the Justices.

The opinion states the case.

*John Joseph Baecher* and *O. Eugene Pinion*, for the appellants.

*Joseph E. Baker, Assistant City Attorney,* and *Jonathan W. Old, Jr. (Leonard H. Davis, City Attorney,* on brief), for the appellee.

MILLER, J., delivered the opinion of the court.

Appellants, Herbert J. Jennings and Ellen M. Jennings, instituted suit against the city of Norfolk to remove a cloud from the title to real estate which they claim to own through a deed from Wm. W. Old, Jr., trustee, dated July 7, 1951, recorded July 11, 1951.

The cloud sought to be removed from the title is a deed from Melvin E. Cruser, special commissioner, to the city of Norfolk, dated January 20, 1949, recorded February 21, 1949, in deed book 534, page 214, clerk's office of the corporation court of the city of Norfolk.

A correct and detailed description of the property is contained in this deed as follows:

"All those certain lots, pieces or parcels of land, situated in the City of Norfolk, Virginia, known, numbered and designated on the plat of the property of A. S. Martin on Broad Creek Pike, made by E. C. Foreman, C. E., and recorded in the Clerk's Office of the Circuit Court of Norfolk County, Virginia, in Map Book 3, page 85, as lots Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), and Fifteen (15), in Block Number Twelve (12), less so much of said lot Four (4) as was conveyed by Clair E. Crawford to the City of Norfolk by deed dated May 4, 1928, and recorded in the Clerk's Office of the Corporation Court of the City of Norfolk, Virginia, in Deed Book 305-C, page 93."

In their bill appellants asked that the deed to the city be declared null and void, that the property be assessed in their names, and the taxes properly owing by them determined, which taxes they offered to pay.

The city answered and claimed ownership of the property. It asserted that the land had been properly assessed for taxes in the name of Clair E. Crawford for the years 1927 to 1948 inclusive, that in the year 1948 the city of Norfolk filed a suit styled *City of Norfolk* v. *Forest*

*J. Crawford, et al.*, to enforce its lien for taxes for 1928[1] to 1948 assessed in Clair E. Crawford's name, and under decrees in that suit, the special commissioner had sold and conveyed the property to the city. Section 58-1104, Code 1950.

The cause was heard upon the bill and answer, with exhibits attached, and the court decided that the deed from special commissioner Cruser to the city conveyed title superior to appellants' title, and the relief prayed for was denied.

From that decree appellants appealed, and the validity of the assessment of the property for 1928 to 1940 in the name of Clair E. Crawford, and its sale and conveyance in the lien creditor's suit to enforce the alleged lien for taxes assessed in his name are challenged. If that proceeding was void, appellants should prevail.

All of the deeds hereinafter mentioned were recorded and indexed in the proper clerk's office, but none of the deeds, in describing the property granted, recites the derivation of the title.

Clair E. Crawford was the common owner through whom appellants and the city claim title to the property. He acquired the land from William B. MacKenzie and wife by deed of November 4, 1925, recorded November 26, 1926. More land was granted in that deed than is now in controversy, and it was described in that conveyance as: "Those certain lots of land, in Norfolk, Virginia, designated on *plat of property of A. S. Martin, on Broad Creek Pike* made by E. C. Foreman, C. E., and recorded in Norfolk County Clerk's Office, Virginia, said lots being numbers One (1), to fifteen (15), both inclusive, in Block Number twelve (12), as shown on said plat."

The plat referred to is recorded in Map Book 3, page *85*, clerk's office of the circuit court of Norfolk county.

After Crawford recorded his deed, the property was assessed by the city in his name for years 1927 to 1948, both inclusive. All fifteen lots were evidently assessed in his name for years 1927 and 1928, but for 1929 and thereafter, lots 1, 2, 3 and part of lot 4 were not assessed in his name, though lots 5 to 15 and part of lot 4 were assessed to him until 1948. The removal of *part* of the land from assessment in

---

[1] Collection of taxes for 1927 was not sought. Section 58-767, Code of 1950, (Acts 1946, ch. 360, p. 608) provides that:

"No lien upon real estate for taxes and levies due and payable to the Commonwealth or any political subdivision thereof which has been, or shall hereinafter become, delinquent for twenty or more years shall be enforced in any proceeding at law or in equity and the same shall be deemed to have expired and to be barred and cancelled after such time. * * *"

Crawford's name in 1929 was because the city widened and extended Ballentine Boulevard southwardly from Princess Anne road to Broad Creek road, a distance of several blocks, and to do so, in 1928 acquired part of Block 12, which is bounded on the north by Drummond road and on the south by Oak Avenue, from Crawford, along with land from other persons. By deed dated May 4, 1928, recorded May 9, 1928, Crawford granted to the city land needed to extend Ballentine Boulevard, which is described in the deed as follows:

"All that part of Block Twelve (12) on the Plat of A. S. Martin, recorded in the Office of the Clerk of the Circuit Court of Norfolk County in Map Book 3, at page 85, lying between the following described two lines: * * *" Here follows a more minute description which shows the land conveyed as located between the eastern and western lines of Ballentine Boulevard extended southwardly across Drummond road, and on through Block 12, and thence on southwardly through other blocks.

The land granted by Crawford to the city by this deed was actually lots 2 and 3, and the greater part of lots 1 and 4 in Block 12, Map Book 3, page 85. Lot 1, Block 12, (part of which lies west of the Ballentine Boulevard extension) had actually been conveyed to the city by Clair E. Crawford as attorney in fact for Stephen Purcell and wife by deed dated and recorded July 6, 1925, but for some reason this second deed from Crawford also conveyed part of lot 1. The description in the two deeds was ample to inform the commissioner of revenue that Block 12 was divided into lots and was intersected by the Ballentine Boulevard extension. After the recordation of the deed from Crawford to the city in 1928, by which part of Block 12 was acquired for extension of Ballentine Boulevard, the description of the lots as assessed in Crawford's name for years 1929 to 1948, inclusive, was "Part of Lot number 4, and Lots numbers 5 to 15, in Block 12, Oak avenue."

That Block 12 borders on Oak avenue and was intersected by the extension of Ballentine Boulevard, is also clearly shown by a plat bearing the legend "Proposed Connection between Ballentine Boulevard and Superior Avenue, Department of Public Works, Norfolk, Va., March 16, 1928. Adopted by City Council April 3, 1928."

This plat shows not only the extension of Ballentine Boulevard from Drummond road through Block 12 to and across Oak avenue, but the name "Clair E. Crawford" is written on Block 12 on the plat in four places to show that he was the owner of that block,

About two years after the city had acquired part of Block 12, Crawford conveyed the residue to Elizabeth A. Baker by deed of July 31, 1930, recorded August 12, 1930, in which the land was described as:

"All of Block Twelve (12) as shown on the *Plat of Broad Creek Land Co.*, recorded in Norfolk County Clerk's Office in Map Book 3, at page *35*, except so much thereof as is occupied by the extension of Ballentine Boulevard from Princess Anne Road, to the Broad Creek Road, and except a small portion of said lot one (1) lying west of said Ballentine Boulevard." Emphasis added.

The italicized parts of the description in this deed are incorrect. Had the description omitted the italicized words and the numeral "35" and substituted the words *"Plat of property of A. S. Martin on Broad Creek Road"* and used the numeral "85" instead of "35", the description would have been full and correct. But as it was, the descriptive language "All of Block 12 * * * except so much thereof as is occupied by the extension of Ballentine Boulevard from Princess Anne Road to Broad Creek Road, except a small portion of lot (1) lying West of Ballentine Boulevard" was correct. Even a cursory examination of the deed and plat book would have disclosed that the part of the description that referred to *"Plat of Broad Creek Land Co.,"* and page *"35"* was incorrect for the plat of Broad Creek Land Co. is of record in Map Book 7, page 67, clerk's office of the circuit court of Norfolk county, and it does not show a Block 12.

Elizabeth A. Baker conveyed the property by the same inaccurate description to Wm. W. Old, Jr., trustee, by deed dated July 31, 1930, recorded August 12, 1930, to secure an indebtedness evidenced by notes payable to bearer. Default was made in payment of the debt, and on July 7, 1951, the trustee sold the property at public auction to appellants and conveyed it to them by deed of that date, recorded July 11, 1951. The description in this deed is identical with that in the deeds of Crawford to Baker and Baker to Old, trustee.

Though this land was conveyed to Elizabeth A. Baker by deed recorded in 1930 and owned by her (subject to trust deed to Old, trustee) until the trustee granted it to appellants in 1951, it was never assessed for taxes in her name, but was assessed in the name of Clair E. Crawford from 1927 until acquired by the city through the lien creditor's suit in 1949.

Clair E. Crawford died March 12, 1947, and under his will, probated in the clerk's office of the corporation court of the city of

Norfolk, Forest J. Crawford was left all of his property, but when Clair E. Crawford died in 1947, he did not own this property or any interest therein.

Though the description in the deed from Crawford to Baker and from Baker to Old, trustee, was inaccurate in part, yet much of the descriptive language was correct, and by examination of the records in the clerk's office, the land could have been readily identified. Clearly, as between Crawford and Baker, and as between Baker and Old, trustee, and Old's grantees, the description was sufficient for the deeds to divest the grantors of title to the land, and in turn, vest it in the grantees as and when the deeds to them were executed and delivered. *Smith* v. *Bailey*, 141 Va. 757, 127 S. E. 89; 5 M. J., Deeds, § 23, p. 706.

■ The primary purpose of the city's suit was to enforce the alleged lien of taxes assessed in Clair E. Crawford's name against the land which it appears the city thought Crawford owned when he died. When the city filed its suit, apparently believing that Forest J. Crawford was then the owner of the real estate under Clair E. Crawford's will, subject to the alleged tax lien, it did not make any other parties who might be liable for the taxes or who had come into ownership of the property or held liens thereon parties by name. Neither Crawford's personal representative, nor Elizabeth A. Baker, nor her grantee, Old, trustee, were named as defendants. In fact, they were not even proceeded against in the order of publication under the designation or description of "personal representatives, heirs, assigns, or successors in title, interest and estate of Clair E. Crawford, deceased, * * * Parties Unknown" or by any like descriptive designations. The City contented itself by naming as the sole defendant Forest J. Crawford, who had no interest in the land, and proceeding against all other interested persons through process by publication under the designation of "Parties Unknown."

The city now insists that the description in the deed from Crawford to Baker and from Baker to Old, trustee, was incorrect, did not identify the land conveyed and would not constitute notice to a subsequent purchaser or lien creditor under § 55-96, Code 1950. It then says that the commissioner of revenue for that reason was not required to transfer it from Crawford's name to Baker's name.

Among the authorities cited and relied upon are the following:

"The registry is not intended to put subsequent purchasers and incumbrancers upon enquiry, but to put an end to the necessity of all

enquiry." *McClanahan* v. *Siter, Price & Co.*, 2 Gratt. (43 Va.) 280, 314.

"The notice which will affect a purchaser in a case of this kind must, as was said in *Siter* v. *McClanahan*, 2 Gratt. 314 and which has been reiterated in numerous cases since that case was decided, 'be such as to affect the conscience of subsequent purchaser or incumbrancer. It may be either actual, in other words, direct and positive, or it may be circumstantial or presumptive. But it is not sufficient if it merely puts the party upon inquiry. It must be clear and strong and such as to fix upon him the imputation of *mala fides.*'" *Vicars* v. *Sayler*, 111 Va. 307, 311, 68 S. E. 988. 45 Am. Jur., Records and Recording Laws, § 128, p. 493; *Blair* v. *Rorer's Adm'r.*, 135 Va. 1, 116 S. E. 767; *Merritt* v. *Bunting*, 107 Va. 174, 57 S. E. 567; *Hollinger* v. *Imperial Warehouse Co.*, 122 Kan. 709, 253 P. 215, 66 C. J. S., Notice, § 13(c), p. 650.

The city also says that the taxes for *1928, 1929*, and *1930* were properly assessed in Crawford's name and sale of the land for those taxes must be sustained though the assessment for 1931 and thereafter be invalid. It further argues that as the deeds from Crawford to Baker and Baker to Old, trustee, contained an incorrect description, it was under no duty to make Baker or Old, trustee, parties to the creditor's suit.

The two dominant questions presented are: (1) was the land legally assessed in the name of Clair E. Crawford after he had conveyed it to Elizabeth A. Baker by deed dated July 31, 1930, indexed and recorded on August 12, 1930; and (2) were Elizabeth A. Baker and Wm. W. Old, Jr., trustee, and the beneficiaries under the trust deed necessary parties, and if so were they properly before the court through process by order of publication that merely cited "Parties Unknown." If they were necessary parties but not properly before the court, the deed to the city is invalid; and if the land should not have been assessed to Crawford but to Elizabeth A. Baker for 1931 to 1948 inclusive, then for that reason the lien for taxes for those years can not be enforced.

Under § 58-797, Code 1950, the clerks of courts in which deeds are recorded are required at the end of each year to furnish the commissioner of revenue with lists of all deeds and deeds of trust with the names of the grantors and grantees and the description of the property conveyed during the year. *School Board, etc.* v. *Patterson and Miller*,

111 Va. 482, 69 S. E. 337. This section also imposes upon the commissioner the following duty:

"The commissioner shall, upon receipt of any such list as hereinbefore in this section provided for, promptly and carefully check the same against the records in the office of the clerk who furnished the same and, if he finds any errors in the list, he shall make proper correction thereof."

By § 58-803, Code 1950, the lands appearing on the lists "shall be transferred accordingly on the land book and charged to the person to whom the transfer is made * * *." By § 58-809, Code 1950, the commissioner, in making out his land book is required to correct any mistake made in any entry but land "correctly charged to one person is not afterwards to be charged to another without evidence of record that such charge is proper."

Section 58-1104, Code 1950, which provides the procedure for enforcement of liens for taxes through bill in equity filed for that purpose, requires that "all necessary parties shall be made parties defendant," but the beneficiaries under a deed of trust need not be made parties defendant if the trustee be a defendant.

Clearly this section intends that the owner of the equity of redemption be made a party and also the trustee in a valid and recorded deed of trust if the beneficiaries thereunder be not made parties. The interests and rights of Elizabeth A. Baker and of the beneficiaries under the trust deed were vitally affected by the suit. She, and Wm. W. Old, Jr., trustee, were necessary parties for the trust deed did not disclose the identity of the beneficiaries. 14 Am. Jur., Creditors' Bills, § 114, p. 726; Lile's Equity Pleading and Practice (Meade), § 423; 5 M. J., Creditors' Suits, Necessary and Proper Parties, § 22, et seq.

The primary object of the city's suit was to subject land then actually owned by Elizabeth A. Baker and acquired from Clair E. Crawford to the alleged lien of taxes charged to Clair E. Crawford, (deceased). Yet as the order of publication issued under §§ 8-71 and 8-72, Code 1950, was merely directed against "Parties Unknown" without otherwise identifying or indicating that "Parties Unknown" referred to the personal representative, heirs, assigns, or successors in title or estate of Clair E. Crawford, deceased, it was fatally defective as to Elizabeth A. Baker and Wm. W. Old, Jr., trustee, who held through Clair E. Crawford the beneficial and legal title to the land. Without indication or suggestion of how they, identified only as

"Parties Unknown," might be interested in the subject matter, the publication was meaningless.

"The order of publication takes the place of process, and its purpose is to bring a party into court, to apprise him of the nature of the proceeding against him (*Scott* v. *Scott*, 142 Va. 31, 36, 128 S. E. 599), and to notify him that his rights will be affected thereby. \* \* \*

\*        \*        \*        \*        \*        \*        \*

"There is nothing in this notice to indicate that the unknown parties therein referred to are the heirs of Caleb Peatross, or that the rights of the latter are or may be affected by the suit. Hence the process was fatally defective as to them and the court was without jurisdiction to enter a decree of sale affecting their interest in the property." *Peatross* v. *Gray*, 181 Va. 847, 858, 859, 27 S. E. 2d 203. Lile's Equity Pleading and Practice (Meade) § 80.

When the lists for year 1930 showing a grant by Crawford to Baker and the trust deed of Baker to Old were sent by the clerk to the commissioner in early 1931, the list showing the transfer of lots 2 and 3 and parts of lots 1 and 4 of Block 12 from Crawford to the city for extension of Ballentine Boulevard had been lodged with the commissioner two years previously, for we can presume that the clerk performed his duty and sent in the 1928 list in early 1929. Had the lists of year 1930, which showed the deeds from Crawford to Baker and Baker to Old, trustee, been "carefully checked" by the commissioner against the records in the clerk's office, the error in the description would have been readily discoverable. An examination of the deed from Crawford to Baker would have shown that the land conveyed was in Block 12 where Ballentine Boulevard was extended and upon reference to the map book mentioned, it would have revealed that Block 12 did not appear on the plat of Broad Creek Land Co., but did appear in Map Book 3, page 85.

"A deed conveying land, in order to be valid against a subsequent purchaser, must so describe and identify the property conveyed as to afford the means, with the aid of extrinsic evidence, of ascertaining with accuracy what is conveyed and *where* it is." *Smith* v. *Bailey*, *supra*, p. 768. *Merritt* v. *Bunting*, 107 Va. 174, 57 S. E. 567, 12 Ann. Cas. 954; *Florance* v. *Morien*, 98 Va. 26, 34 S. E. 890.

But we need not determine whether or not the commissioner of revenue, in examining the records to make transfer of real estate for

assessment of taxes, enjoys the same protection under § 55-96, Code 1950, as is afforded purchasers for value, nor whether the city of Norfolk, with the other information in its possession as to the location, description and identity of the land owned by Crawford in Block 12 and conveyed to Baker in 1930, under an inaccurate description, was charged with notice of what was meant to be granted by that deed.

The city in its brief, in construing that part of § 58-797 which requires the commissioner of revenue to "carefully check" the list of conveyances received from the clerk "against the records" in the clerk's office and correct any error in the list, says:

"It is clear that his duty is to simply check the list against the recorded instrument and to correct any variance between the list and the said instrument. There is no evidence in the record of the case at bar that there was any error in the list furnished by the Clerk. The list furnished by the Clerk, if correctly described, would have read all of Block Twelve (12) as shown on the plat of Broad Creek Land Co., Map Book 3, page 35. If the Commissioner of Revenue checked this description against the records as described by the recorded deed and deed of trust, he would have found 'the same' to be correct *and that there was no error in the list*. It should be noted that the duty imposed on the Commissioner of Revenue is thus limited to a check of *the list against the deed*, and if they are the same no further duty is imposed by the statute."

If we accept this construction as correct, (and certainly the Commissioner was charged with no lesser duty), it is plain that had the commissioner "carefully checked" the description "all of Block (12) as shown on Plat of Broad Creek Land Co., Map Book 3, page 35" against the deed from Crawford to Baker, he would have readily seen from that deed that the land actually conveyed was within lines extending Ballentine Boulevard across a Block 12, and that no Block 12 is shown in the map book referred to. Further examination of the records would have disclosed that the Block 12 referred to bordered on Oak avenue where the Ballentine Boulevard extension crossed and was in reality Block 12, Map Book 3, page *85*, instead of page *35*.

With the information already at hand in the commissioner's office and that readily obtainable and made obvious from an examination of the deed in question, it was the duty of the commissioner to transfer the land in question to and assess it in the name of Elizabeth A. Baker for year 1931 and thereafter. The assessments to Crawford for years

1931 to 1948, inclusive, were erroneous, and the taxes for those years constituted no enforceable lien against the land.

The city's suit to enforce the alleged lien for taxes was instituted in 1948, and the taxes for 1928, 1929 and 1930 were properly chargeable to Clair E. Crawford, but Elizabeth A. Baker and Wm. W. Old, Jr., Trustee, were necessary parties to that suit, and they were not properly before the court. Hence that proceeding is necessarily void as to them and as to appellants who purchased from Old, trustee, and it is now too late to amend the bill and revive the suit or institute a new suit against them to enforce the tax lien for years 1928, 1929 and 1930. Section 58-767, Code 1950. It follows that the deed of special commissioner Cruser to the city of Norfolk constitutes a cloud upon appellants' title that should be cancelled and removed.

For the reasons stated, the decree appealed from will be reversed and the cause remanded for the entry of a decree granting the prayer of the bill and not in conflict with the views herein stated.

*Reversed and remanded.*