## CIRCUIT COURT OF THE CITY OF RICHMOND

James T. Bush
Construction Co., Inc.

v.

Amratlah R. Patel et al.

October 11, 1990

Case No. (Chancery) N-2649-4

By JUDGE RANDALL G. JOHNSON

In a letter opinion and order issued December 11, 1987, this court held that even though a beneficiary of an "antecedent" deed of trust is a necessary party to an action to enforce a mechanic's lien, and even though such beneficiary was not named in the original bill of complaint, nor added as a party-defendant within six months after the filing of the memorandum of lien (*see* Va. Code Section 43-17), such beneficiary could still be brought into the case even after the six-month period has expired. Accordingly, plaintiff was allowed to amend its motion for judgment to add as a party-defendant Dominion Bank of Richmond, N.A., the beneficiary of the subject deed of trust.

In January, 1990, the Supreme Court of Virginia held, in *Mendenhall v. Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990), that a trustee and beneficiary of an "antecedent" deed of trust, being necessary parties, must be

named as parties *before* the expiration of the six-month period referred to above, and that a failure to name them within that time requires dismissal of the action. 239 Va. at 75-76. Defendants in the case at bar now argue that *Mendenhall* requires this court to reverse its previous ruling allowing Dominion to be added as a party more than six months after the memorandum of lien had been recorded.[2] Defendants also argue that the case must be dismissed for the additional reason that at the time the amended bill of complaint was filed, a portion of the property had been conveyed to a new owner, and that the new owner also was not named within the statutory period. Because the court agrees with defendants' first argument, the case will be dismissed. The court expresses no opinion on defendants' second argument.

In making this ruling, it must be pointed out that at the time of its earlier opinion, neither the parties nor the court made any attempt to define what is meant by the word "antecedent" when used in the phrase "antecedent deed of trust." Defendants now argue that "antecedent" means before the filing of the bill of complaint. Plaintiff argues that it means before the filing of the memorandum of lien itself. The court agrees with defendants.

Plaintiff cites *Monk v. Exposition Corp.*, 111 Va. 121, 68 S.E. 280 (1910), in support of its position that the filing of the memorandum of lien is the critical event in determining whether another lien is an antecedent lien or a subsequent lien. Such distinction is crucial since *Monk* holds that subsequent lienholders are proper, but not necessary, parties in suits to enforce mechanic's liens; while *Mendenhall*, as previously noted, holds not only that antecedent lienholders are necessary parties, but that the failure to name them within six months of filing the memorandum of lien is fatal to a plaintiff's case. Specifically, plaintiff states that the deed of trust in *Monk* was filed *after* the memorandum of mechanic's lien was recorded, but *before* suit to enforce the lien

---

[2] The trustees of the deed of trust of which Dominion is the beneficiary were named as defendants in the original bill.

was filed.[3] The court has carefully read the Supreme Court's opinion in *Monk*, however, and the facts recited in the opinion do not support plaintiff's argument. Indeed, the Court merely states that suit was filed within the six-month period provided by statute, and that plaintiff sought to add the holders of the "second lien," the deed of trust, as parties to the suit after the expiration of the statutory period. Nowhere in the opinion does the Court say, directly or by necessary implication, when the deed of trust was filed. Specifically, the opinion does not say whether the deed of trust was filed before or after the suit to enforce the mechanic's lien was filed. Consequently, that case is of no help in deciding the precise question now before this court.

Having rejected plaintiff's reliance on *Monk* as requiring a holding that "antecedent" means before the filing of the memorandum of lien, the court has two reasons for finding that "antecedent" means before suit. First, as defendants argue, a footnote in *Mendenhall* strongly suggests the result which the court now reaches.

In *Mendenhall*, there were two plaintiffs, Douglas L. Cooper, Inc., and Northbowl, Inc. Cooper filed its memorandum of mechanic's lien on January 31, 1985. Northbowl's was filed on February 8, 1985. Both plaintiffs filed bills of complaint on July 31, 1985. On January 22, 1986, the plaintiffs filed amended bills of complaint that added four parties as defendants, whom the Court referred to collectively as the "new defendants." 239 Va. at 74. All of the new defendants, except St. Johns Development Corporation, acquired interests in the subject property prior to July 31, 1985. With regard to St. Johns, the Court said the following in footnote 3:

> The new defendants are the appellants herein. St. Johns was added as a party defendant also and is an appellant herein. *However, because*

---

[3] Actually, Section 2476 of the Code of 1887, in effect when Monk was decided, provided for the filing of an "account" and a "statement" rather than a "memorandum of lien" as provided for in the present code. This distinction is irrelevant. Significantly, the six-month limitation for filing suit to enforce the lien has remained the same. See Code of 1887, Section 2481.

*St. Johns acquired its interest in the subject matter after July 31, 1985, we express no opinion whether it was a necessary party.* 239 Va. at 74, n. 3 (emphasis added).

The defendants cite the emphasized portion of the above quotation to argue that the Court unquestionably considered July 31, 1985, the date on which suit was filed, as the critical date for determining necessary parties. Such conclusion seems inescapable since there is no other reason for the Court to have used that date. While July 31 is exactly six months from January 31, the date on which Cooper filed its memorandum of lien, it is less than six months from the date on which Northbowl filed its memorandum, which was not filed until February 8. Thus, any argument that the Court was simply referring to the fact that the statutory six-month period ended on July 31 is without merit since such fact would effect the suit of Cooper only, and not Northbowl's suit. Accordingly, this court agrees with defendants that the subject footnote indicates that the Supreme Court intends that in the context here involved, the terms "antecedent" and "subsequent" refer not to the filing of the memorandum of lien, but to the filing of suit.[4]

Second, and perhaps even more persuasive, is the case of *Jennings v. City of Norfolk*, 198 Va. 277, 93 S.E.2d 302 (1956). It is *Jennings* which is cited in *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43, 48, 348 S.E.2d 223 (1986), as holding that "a trustee under an antecedent deed of trust is a necessary party to a lien creditor's suit."[5]

---

[4] This court, of course, recognizes that the language in footnote 3 in Mendenhall is only dictum. As just noted, however, the court cannot ignore the inescapable conclusion to which that dictum leads.

[5] Walt Robbins also does not define "antecedent," the deed of trust involved in that case having been filed before either the memoranda of liens or bills of complaint were filed. Walt Robbins is, however, cited in Mendenhall as the case which holds that the trustee and beneficiary of an antecedent deed of trust are necessary parties in a suit to enforce a mechanic's lien. See 239 Va. at 75.

In *Jennings*, the City of Norfolk had filed suit in 1948 to enforce its lien for real property taxes for the years 1928 to 1948. As a result of that suit, a special commissioner's deed was prepared and filed in 1949 conveying to the City title to the property which was subject to the City's lien. Later, Mr. and Mrs. Jennings, claiming to have acquired title to the same property by deed dated and recorded in 1951 from Wm. W. Old, Jr., trustee, asked that the City's deed be declared null and void. Among the several reasons cited by Mr. and Mrs. Jennings for challenging the City's deed was the fact that neither Old nor one Elizabeth A. Baker had been made parties to the City's suit, Baker having acquired her interest by deed from the original owner in 1930, and having placed a deed of trust on the property, with Old as trustee, in the same year. As previously noted, it was Old who conveyed the property to Mr. and Mrs. Jennings, Baker having defaulted on the note which the deed of trust secured.

After discussing and making findings regarding the years 1931 through 1948, none of which is important or relevant to the case at bar, the Court turned its attention to the years 1928, 1929, and 1930. In this regard, it is important to remember that the City's liens commenced in the years during which taxes were assessed; that is, the City's lien for 1928 taxes commenced in 1928; its lien for 1929 taxes commenced in 1929; and its lien for 1930 taxes commenced in 1930. *See* former §§ 58-762 and 58-1023; now § 58.1-3340. Moreover, such liens commence on January 1 of each year. *See Kinchloe v. Gibson*, 115 Va. 119, 129, 78 S.E. 603 (1913).[6] Thus, neither Baker nor Old, both of whom acquired their interests no earlier than July 31, 1930 (198 Va. at 281), had any interest in the property at the time the City's liens for 1928, 1929, and 1930 were perfected. Yet, the Supreme Court held:

> The city's suit to enforce the alleged lien
> for taxes was instituted in 1948, and the taxes

---

[6] Actually, when Kinchloe was decided, taxes accrued as of February 1. That date has since been changed to January 1.

for 1928, 1929, and 1930 were properly chargeable
to [the original owner], but Elizabeth A. Baker
and Wm. W. Old, Jr., Trustee, were necessary
parties to that suit, and they were not properly
before the court. Hence that proceeding is
necessarily void as to them and as to appellants
who purchased from Old, trustee, and it is now
too late to amend the bill and revive the suit
or institute a new suit against them to enforce
the tax lien for years 1928, 1929, and 1930.
Section 58-767, Code 1950. It follows that the
deed of special commissioner Cruser to the city
of Norfolk constitutes a cloud upon appellants'
title that should be cancelled and removed.
198 Va. at 287.

It is this language to which *Walt Robbins* refers
as holding that "a trustee under an *antecedent* deed of
trust is a necessary party to a lien creditor's suit."
232 Va. at 48 (emphasis added). Since the deed of trust
under which Old was trustee was filed *after* the City's
liens for 1928, 1929, and 1930 were perfected, but *before*
suit was filed by the City, that deed of trust was "antece-
dent" to the City's *suit*, but *not* to the perfection of
the City's liens. Accordingly, this court can only conclude
that the term "antecedent" as used in *Walt Robbins* and,
therefore, *Mendenhall* means before the suit to enforce
a mechanic's lien is filed, not the memorandum of mechanic's
lien itself. That is now the holding of this court.

Finally, plaintiff argues that even if Dominion
was, at one time, a necessary party, this is no longer
true since Dominion's lien has now been released. *Mendenhall*
holds, however, that where necessary parties are not brought
before the court within the statutory period, "the court
cannot proceed." 239 Va. at 74 (quoting *Bonsal v. Camp*,
111 Va. 595, 597-98, 69 S.E. 978 (1911)). Since *Mendenhall*
and the other cases cited herein mandate the conclusion
that this court's order of December 11, 1987, was erroneous
-- that is, that the case should have been dismissed then
-- plaintiff cannot now be saved by events which occurred
after that time. Accordingly, this action must now be

dismissed.[7]

[7] The court also rejects plaintiff's argument that defendants Amratlah Patel, Manuben Patel, and Dvorak Geotechnical Services, Inc., lack standing to bring on these motions. Any party having an interest in the case must be able to challenge the legality of proceeding without necessary parties. Otherwise, if necessary parties were NEVER brought in, how would their absence ever be challenged except after the property is sold? Clearly, such a result is untenable.