No. 37,727

CHARLES I. MCHENRY, *Appellant*, v. ED PENCE, *Appellee.*

(212 P. 2d 225)

Opionion filed December 10, 1949.

*Edward T. Riling,* of Lawrence, was on the briefs for the appellant.

*Milton P. Beach,* of Oskaloosa, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a forcible entry and detainer action. It was instituted in justice court. When the pleadings indicated that the title to real estate was in question, the justice court transferred it to the district court. There the cause was tried and judgment was entered for the defendant. The plaintiff has appealed.

The real estate in question was a tract of about eight and a half acres located west of what the record refers to sometimes as the "eighty rod line" and sometimes the "quarter-quarter line" and south of a railroad right of way, all in the southwest quarter of section 25, township 8, range 18, Jefferson county. The peculiar description is used because a railroad right of way crosses the section near its south border and runs across it from the northwest to the southeast. The portion of the quarter section cut off from the rest of the quarter is narrower at the east end than at its west end. The plaintiff owns the land on the west side of the quarter, the defendant that on the east side, each owning what we refer to as an "eighty."

The plaintiff in his complaint described the tract as the east eight and one-half acres, more or less, of the west one-half of the south

sixty acres of the southwest one-fourth, lying south of the right of way of the K. C. N. W. railroad, of section 25, township 8, range 18, Jefferson county, Kansas. He stated in his complaint that defendant had on August 1, 1946, unlawfully entered into possession of the tract and was withholding possession from him and he, the plaintiff, was entitled to immediate possession.

The defendant answered by pleading that he was the owner in fee simple of the tract by reason of a quitclaim deed executed by the Travelers Insurance Company on November 8, 1939, to him as grantee. He alleged further that by reason of the matters pleaded the title to the land was in dispute and the justice court did not have jurisdiction to hear it. The cause was then transferred to the district court.

When it came on to be heard in district court the plaintiff introduced a deed from the Federal Land Bank to him, bearing date of April, 1946. This deed conveyed to him all that part of the west half of the south sixty acres of the southwest quarter lying south of the railroad right of way in section 25, township 8, range 18, Jefferson county, Kansas. He testified that upon that deed he based his contention of ownership of the tract. He testified there were some posts on the "quarter-quarter" line where there had been a fence and another fence about twenty rods west of the "quarter-quarter" line; that the tract in question was between the "quarter-quarter" line and the fence twenty rods to the west; that when he secured the deed from the Federal Land Bank to the fifty-two acres he demanded possession; that there are 49.6 acres south of the railroad which cuts through the south sixty acres referred to in the deed; that according to his theory under his deed he would have twenty-eight acres and the defendant 26.6 acres; that if the fence twenty rods west of the "quarter-quarter" line should be the dividing line, then he would have 22.8 acres and defendant 26.8.

This record does not disclose any chain of title to either party, neither does it disclose that plaintiff's grantor, the Federal Land Bank, ever received title to or had possession of the tract in question.

It is settled that in an action such as this where the plaintiff seeks to evict one in possession from land to which both parties claim title, he must prevail on the strength of his own title, not the weakness of the defendant's. (See *Intfen v. Hutson,* 145 Kan. 389, 65 P. 2d 576; *Haseltine v. Nuss,* 97 Kan. 228, 155 Pac. 55.) It is

clear that the deed relied on by plaintiff did not describe the same tract of land described in his complaint. The two descriptions cannot be reconciled until the eastern boundary of the tract owned by plaintiff is established. That was not done by any evidence offered by him. From the evidence offered by him the trial court would not have been warranted in finding that the tract described in the complaint and the tract described in the deed were one and the same.

When the defendant took the stand the situation became clearer. His deed to the tract in question, upon which he relied, was a quit-claim deed from the Travelers Insurance Company under date of November 8, 1939. It described the tract in question as—

"The East Half of that part of the south sixty (60) acres of the southwest quarter of section twenty-five, township eight, range eighteen, east of the Sixth Principal Meridian lying south of the K. C. W. and N. W. R. R. in Jefferson County, Kansas."

He went into possession of the tract in question in 1939 under a warranty deed which described the east half of the quarter section subject to the railroad right of way. At that time the fence south of the right of way between his land and that later acquired by plaintiff was west of the eighty rod line, where plaintiff also testified it was. Defendant testified that with the fence there each one of the parties would own about equal parts of the land south of the right of way. The two deeds are identical except that one describes the east half of the land lying south of the railroad and the other the west half. There was testimony from disinterested witnesses that the dividing line of the land south of the railroad had been not on the "quarter-quarter" or "eighty rod" line but about twenty rods west thereof for at least thirty years. As the trial court decided the case there was evidence from which it might be found that each party will own about half of the land south of the railroad. For this to be true it would be necessary for the line to be west of the "eighty rod" line on account of the shape of the entire tract south of the right of way.

In such a situation where there is nothing to suggest the contrary the word "half" used in connection with a tract of land will be interpreted as meaning half in quantity. (See *Gunn v. Brower,* 81 Kan. 242, 105 Pac. 702; also 18 C. J. 292, sec. 269; also 6 Thompson on Real Property, § 3351, Permanent Edition.) Here there were no circumstances to indicate that a quantitative one-half was not intended. On the other hand, all the surrounding facts and circum-

stances indicated that it was the intention of both grantors that each grantee should receive about one-half of the land in the quarter section lying south of the right of way.

The judgment of the trial court is affirmed.