No. 40,382

E. V. BAKER, *Appellant*, v. THE HUGOTON PRODUCTION COMPANY, a Corporation, and A. V. YOUNGREN and GLADYS YOUNGREN, *Appellees.*

(320 P. 2d 772)

Opinion on rehearing filed January 25, 1958. Former opinion of affirmance withdrawn, vacated and set aside.

*Paul R. Kitch,* of Wichita, argued the cause, and *A. E. Kramer* and *Bernard E. Nordling,* both of Hugoton, and *Homer V. Gooing, Wayne Coulson, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert* and *Philip Kassebaum,* all of Wichita, were with him on the briefs for the appellant.

*J. S. Brollier,* of Hugoton, argued the cause, and *Paul A. Wolf,* of Hugoton, was with him on the briefs for A. V. Youngren and Gladys Youngren, appellees. *Ray H. Calihan, Logan N. Green, Daniel R. Hopkins* and *Ray H. Calihan, Jr.,* all of Garden City, were on the briefs for The Hugoton Production Company, appellee.

The opinion of the court was delivered by

PRICE, J.: This case involves the construction of, and rights under, a written instrument designated as "Sale of Oil and Gas Royalty."

More specifically, the basic question is whether production on a part of the 3,630 acres covered by the instrument during its primary term perpetuated and extended the successor grantee's interest as to the remaining 680 acres included therein on which there was no development or production until after the expiration of the primary term.

The trial court answered the question in the negative and plaintiff grantee appealed.

The appeal was first heard in April of last year, and on May 11, 1957, our opinion affirming the judgment below was filed. (*Baker v. Hugoton Production Co.*, 181 Kan. 214, 310 P. 2d 889.)

A rehearing was granted and the case was reargued at the December session.

Upon further consideration of the case, we are convinced that our former decision was incorrect and that the opinion filed should be withdrawn, vacated and set aside. It is so ordered.

Material portions of the written instrument in question executed by defendants Youngren are set out on page 215 of our former opinion. In the interest of brevity they will not be repeated here but by reference are incorporated herein.

Through various conveyances and transfers plaintiff Baker, in 1938, became the owner of the undivided one-fourth interest covered by the instrument.

Ten gas-drilling units, made up wholly or partly of lands covered by the instrument, have been formed. Together, these units include all of the lands described in the instrument, and gas is being produced and sold from each unit. Gas was being produced, and plaintiff and defendants were receiving royalty from seven of the ten units on and prior to the expiration date (July 5, 1950) of the primary term of the instrument, and there is no question about plaintiff's right to continue to receive royalty from those units. The leases on the remaining three units, covering 680 acres, being the ones in controversy, are owned and operated by defendant production company, and since this controversy arose the company has paid into court the disputed gas royalties to be disbursed by order of the court to the party or parties entitled thereto. In other words, insofar as this dispute is concerned, defendant production company is an innocent bystander.

Plaintiff Baker contends that production of gas on seven of the units, or any of them, during and continuing to the end of the

primary term of the instrument, operated to perpetuate and extend his interest as to the 680 acres on which there was no development or production until after the expiration of the primary term, and he claims ownership of one-fourth of the gas royalties from that acreage.

Defendants Youngren deny plaintiff's claim and contend that as to the 680 acres plaintiff's rights were extinguished by the fact that no development or production was had on that acreage during the twenty-year primary term.

There appears to be no doubt but that the trial court (as indicated by its written memorandum which is set out in our former opinion) confused the issues and made difficult a relatively simple question. This court fell into the same error, which, we believe, came about because of an erroneous analysis of the instrument involved, and improper consideration of language contained, or assumed to be contained, in the Mangels leases existing when the instrument was executed, and language contained in subsequently executed leases and unitization agreements.

Although denominated as "Sale of Oil and Gas Royalty," the instrument in question is a mineral deed. In *Wilson v. Holm,* 164 Kan. 229, 188 P. 2d 899, it was said:

"Before consideration of controverted issues it should be stated that in this state a deed, conveying oil and gas in place for a fixed term of years and so long thereafter as either or both are produced in paying quantities, creates a base or determinable fee and that title to the estate so created vests immediately upon the execution and delivery of such an instrument but remains defeasible in the event of cessation of production (*Richards v. Shearer,* 145 Kan. 88, 91, 92, 64 P. 2d 56)." (p. 234.)

See also *Fry v. Dewees,* 151 Kan. 488, 491, 492, 99 P. 2d 844.

The instrument grants a base or determinable fee in the oil, gas and other minerals in place in the 3,630 acres described therein. The grant is for a term of twenty years and as long thereafter as oil, gas, or either of them, are being produced from *said land.* The words "said land" refer to the 3,630 acres described in the granting clause. Production on any part of that acreage was production from *said land,* the legal effect of which was that the mineral interest was perpetuated and extended as to the *entire* acreage. (*Cowman v. Phillips Petroleum Co.,* 142 Kan. 762, 51 P. 2d 988, and *Wilson v. Holm, supra,* at page 237.)

It follows that plaintiff Baker's interest as to the 680 acres, upon which there was no production during the primary term, was con-

tinued and perpetuated by virtue of production had upon the 2,950 acres during the primary term, and he is entitled to receive one-fourth of the gas royalties from the 680 acres.

When this appeal was reargued counsel for plaintiff Baker stated that in view of the "circumstances" no claim was being made for interest on the funds paid into court by defendant production company. In view of that concession none is to be allowed.

The judgment of the trial court is therefore reversed with directions to enter judgment in favor of plaintiff Baker in harmony with what has been said in this opinion.