CITIES SERVICE OIL COMPANY, a corporation, Appellant,

v.

E. H. ADAIR, Marion L. Vanderman, Harold G. Forbes, L. D. DeBarbari, Jack D. LeBlond, Executor of the Estate of H. C. LeBlond, deceased, and Jack D. LeBlond, Appellees.

No. 6128.

United States Court of Appeals Tenth Circuit.

Dec. 29, 1959.

Rehearing Denied Jan. 27, 1960.

R. O. Mason, Bartlesville, Okl., and P. K. Smith, Wichita, Kan. (Gentry Lee and F. H. Bacon, Bartlesville, Okl., and F. C.

McMaster, Wichita, Kan., with them on the brief), for appellant.

Robert Martin, Wichita, Kan. (S. J. Glaves, Wichita, Kan., Harold G. Forbes, Eureka, Kan., William M. Busch, Chicago, Ill., George B. Collins, Oliver H. Hughes, K. W. Pringle, Jr., W. F. Schell, Thomas M. Burns and Laverne G. Morin, Wichita, Kan., with him on the brief), for appellees.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The Cities Service Oil Company, as assignee of a portion of an original oil and gas lease, brought this action for the possession of the leased premises located in Kansas, and for other relief. The defendants were in possession of the property under a subsequent oil and gas lease from the owners, and had developed substantial oil production therefrom. The principal question arises from the plaintiff's claim that the term of the lease under which it claimed was extended by production of oil and gas in paying quantities on a portion of the original leased premises assigned to another assignee, and that the filing of an affidavit of production as provided by G.S.K. § 55–205 by such other assignee gave notice to the defendants of plaintiff's continuing interest, even though the latter's leasehold was not described in the affidavit.

On January 16, 1923 William P. Browning and others executed and delivered to Courtney B. Davis an oil and gas lease covering a block of 1,280 acres of land in Greenwood and Chase Counties, Kansas. The lease was for the term of five years and "as long thereafter as oil or gas, or either of them, is produced from said land by the lessee in paying quantities." On February 1, 1923, Davis assigned to Sinclair Oil & Gas Company that portion of the lease acreage which covered the SE¼ of Section 19, and the W½ of Section 20, Township 22 S., Range 10 E., in Greenwood County. On March 17, 1923 Davis assigned to the predecessors in title of plaintiff that portion of the original lease covering the SW¼ of Section 19, Township 22 S., Range 10 E., in Greenwood County. The original lease and the aforesaid assignments were duly recorded. Sinclair developed production of oil from its portion of the lease and the production has continued to the present date. Within the primary term, Sinclair filed an affidavit as contemplated by G.S.K. § 55–205,[1] which recited that Sinclair had a full interest in the Davis lease insofar as it concerned the land in its assignment and declared that oil and gas had been found on "said leasehold" in paying quantities. Neither Cities Service nor its predecessor at any time produced oil or gas on their portion of the lease, were never in possession, and did not file an affidavit of production. In 1955 the defendants acquired a lease from the landowners on the quarter-section of land which was included in the Davis lease and later assigned to plaintiff's predecessor in 1923. Three wells were drilled thereon and substantial production of oil was developed.

---

1. Section 55–205 reads:

"That, when an oil, gas or mineral lease is hereafter given on land situated within the state of Kansas, the recording thereof in the office of the register of deeds of the county in which the land is located shall impart notice to the public of the validity and continuance of said lease for the definite term therein expressed, but no longer: *Provided*, That, if such lease contains the statement of any contingency upon the happening of which the term of any such lease may be extended (such as 'and as much longer as oil and gas or either are produced in paying quantities'),

the owner of said lease may at any time before the expiration of the definite term of said lease file with said register of deeds an affidavit setting forth the description of the lease, that the affiant is the owner thereof and the facts showing that the required contingency has happened. This affidavit shall be recorded in full by the register of deeds, and such record together with that of the lease shall be due notice to the public of the existence and continuing validity of said lease, until the same shall be forfeited, canceled, set aside or surrendered according to law."

■ The parties agree that under Kansas law the production of oil or gas in paying quantities on any part of an oil and gas lease extends the entire lease beyond the primary term if it contains a production or habendum clause such as that in the Davis lease, regardless of the number of persons in whom ownership subsequently becomes vested. Cowman v. Phillips Petroleum Co., 142 Kan. 762, 51 P.2d 988; Wilson v. Texas Co., 147 Kan. 449, 76 P.2d 779; Spikes v. Weller, 159 Kan. 597, 156 P.2d 540; Baker v. Hugoton Production Co., 182 Kan. 210, 320 P.2d 772. As to the public, however, the lease in such cases is extended beyond the primary term only when Section 55–205 is complied with.

■ It is also agreed that as between Cities Service and any third party, including the defendants, who acquired an interest in the SW¼ of Section 19, with knowledge that the Davis lease had been extended by production on any portion of the leased land, took the interest subject to that lease. See Summers Oil & Gas, Vol. 2, Sec. 231. This leaves the narrow question of whether the defendants, knowing of the original Davis lease, were bona fide purchasers for the value of their lease, without actual or constructive notice that the Cities Service's leasehold had, in fact, been extended by Sinclair's production. The trial court found that none of the defendants had actual knowledge of the plaintiff's claim that the Davis lease, or any part of it, was in effect; that the affidavit of production filed by Sinclair was outside the chain of title of the SW¼ of Section 19, and did not appear in the abstract of title which was examined; that practicing attorneys in the State of Kansas had approved the title to the SW¼ of Section 19 for an oil and gas lease; and that the defendants did not have actual knowledge

that the Sinclair's possession of and production from adjoining land was under the original Davis lease. Without discussing it in detail, we think the evidence was sufficient to sustain these findings.[2]

■ This brings us to the question of whether, under the Kansas recording statutes, the defendants had constructive notice that the entire Davis lease had been extended by Sinclair's production. The gist of Cities Service's argument is that the defendants, having knowledge of the existence of the Davis lease and its provision that it would be extended beyond the primary term by timely production on any part thereof, were required to examine the records to determine if an affidavit of production had been filed by the owners of any part of that lease. The Kansas courts have held that when a party has knowledge of facts which would lead an ordinarily prudent person to make inquiry which would disclose the existence of other facts, the knowledge amounts to notice of those other facts. Armourdale State Bank v. Homeland Ins. Co., 134 Kan. 245, 5 P.2d 786; Stanley v. Belt Automobile Indemnity Ass'n, 112 Kan. 412, 210 P. 1096. There has not, however, been a Kansas decision on the question as it is presented here.

■ Section 55–205 provides that the recording of a lease having a clause similar to the one herein involved imparts notice to the public of the continuing life of the lease for its primary term —"but no longer."[3] Before there can be record notice of an extension beyond the primary term, an affidavit of production must be filed. In addition, Kansas follows the general rule that a person acquiring an interest in property is not charged with notice of a recorded instrument which does not appear in the chain

---

2. The defendants testified they knew of Sinclair's production but did not know that it was under the Davis lease or that the Davis lease was still in effect. Cities Service offered no evidence that the defendants, or any one of them, had actual knowledge of the continuation of the Davis lease.

3. On January 16, 1928, which was the expiration date of the definite term of the Davis lease, the record interest ceased to be notice to the public of an effective lease and was not a cloud upon the title to the land, unless an affidavit of production had been previously filed. Peatling v. Baird, 168 Kan. 528, 213 P.2d 1015.

of title of such property. Hollinger v. Imperial Warehouse Co., 122 Kan. 709, 253 P. 215, 218. But the plaintiff argues that the filing of a production affidavit by a part-owner of a lease gives as much notice as the filing by two or more owners of separate affidavits reciting the same facts. This is not entirely true because when the affidavit describes only the land which the producer owns, it is indexed in the office of the Register of Deeds as affecting only that particular land and does not appear in the chain of title of the remaining lands in the original lease. Similarly, when as in this case,[4] the indexing system provided for is of the alphabetical or grantor-grantee type, the recording of a production affidavit filed by a producer owning only part of the leased premises would not be referred to under the names of any persons who were shown by the index to have held interests in other portions of the premises on which there had been no production. Consequently, no reference was made to the affidavit in the abstract of title furnished to these defendants when they acquired an interest in this quarter-section of land on which there had been no production.

█ █ We are of the view that a reasonable construction of G.S.K. § 55–205 is that in cases where the primary term of an entire lease has been extended due to production by a partial owner of the lease, the owners of other portions of the lease are required to file affidavits of production if they desire to protect their leaseholds as against innocent purchasers for value. The sole purpose of the statute is to give notice to the public that an oil and gas lease has been extended beyond its primary term. Statutes such as G.S.K. § 55–205 are intended to afford prospective purchasers, or persons acquiring other interests in land, a means of discovering from the public records the existence of outstanding interests or claims which might affect their title, and these statutes should be construed and applied so as to effectuate their objectives and purposes. Constructive notice is given only upon compliance with the recording statute. 45 Am.Jur., Records and Recording Laws, § 34; Fleck v. Iowa Employment Security Commission, 233 Iowa 67, 8 N.W.2d 703. In Riverview State Bank v. Ernest, 10 Cir., 198 F.2d 876, 880, 34 A.L.R.2d 892, certiorari denied 344 U.S. 892, 73 S.Ct. 212, 97 L.Ed. 690, in referring to the application of the Kansas recording statutes, we said:

"And it is not the province of this court to give to the statute a narrow interpretation out of harmony with the designed purpose and intent of the legislature."

This construction of the statute only requires each partial owner of an oil and gas lease to do that which he would have been required to do had he been the original discoverer and producer of oil or gas on his leasehold. In addition, our decision comports with the general inclination of this court to accept the decision of the district courts on close questions of purely local law. Cranford v. Farnsworth & Chambers Co., 10 Cir., 261 F.2d 8; Mitton v. Granite State Fire Ins. Co., 10 Cir., 196 F.2d 988; Illinois Central Railroad Co. v. Stufflebean, 8 Cir., 270 F.2d 801.

█ The plaintiff also contends that it should prevail because the record discloses that defendant's lease had terminated for noncompliance with its terms. This issue was not raised by the pleadings or presented to the trial court and cannot be raised here for the first time. Stadia Oil & Uranium Co. v. Wheelis, 10 Cir., 251 F.2d 269; Dubuque Fire & Marine Insurance Co. v. Caylor, 10 Cir., 249 F.2d 162; Justheim Petroleum Co. v. Hammond, 10 Cir., 227 F.2d 629. Moreover, in a case of this nature, the plaintiff must rely upon the strength of its own title—not the weakness of the defendant's title—when the plaintiff is not in possession. McHenry v. Pence,

---

4. G.S.K. § 19–1205. In Kansas the use of the tract or numerical index system is optional. See G.S.K. §§ 19–1209 and 19–1210.

168 Kan. 346, 212 P.2d 225; Smith v. Harris, 181 Kan. 237, 311 P.2d 325; Intfen v. Hutson, 145 Kan. 389, 65 P.2d 576.

Affirmed.