In re STILLWATER INC., Debtor.

**Carol Hines, Treasurer of Rockbridge County, Virginia, Movant,**

v.

**Roy V. Wolfe, III, Chapter 7 Trustee, Respondent.**

No. 04–01023.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Jan. 25, 2011.

Dale A. Davenport, Harrisonburg, VA, for Debtor.

Roy V. Wolfe, III, Harrisonburg, VA, Trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on January 5, 2011, to consider the Application for Administrative Expenses (hereafter the "Application"), filed by Carol Hines, Treasurer of Rockbridge County, Virginia, and the response to the Application by Roy V. Wolfe, III, Esquire, Chapter 7 Trustee. After considering the statements and pleadings of the parties the Court makes the following findings of fact and conclusions of law.

*Facts*

On June 14, 2004, an involuntary petition was filed by ISObunkers, LLC, West Mill Clothers, Inc. d/b/a Lord West Formalwear, and Amerigas Partners, LP against the Debtor. On July 7, 2004 an Order for Relief in the Involuntary Chapter 7 was entered. On December 3, 2010, Carole Hines, Treasurer of Rockbridge County filed a Application for Allowance of Administrative Expense (hereafter the "Application"). In the Application, Ms. Hines asserts that real property taxes have accrued on various pieces of real property that are either currently held or were at one time held as property of the estate. Specifically, Ms. Hines states that real property taxes are owed from the second half of 2004 through 2010. The amount of the accrued taxes is $17,172.48 (hereafter the "Accrued Taxes"). Ms. Hines requests that the full value of the accrued taxes be allowed as an administrative expense under 11 U.S.C. § 503(b)(1)(B). For the following reasons the Court finds that the a portion of the Accrued Taxes constitute an administrative expense under § 503(b)(1)(B).

*Discussion*

### I. 11 U.S.C. § 503(b)(1)(B)

11 U.S.C. § 503(b)(1)(B) states, in relevant part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under 502(f) of this title, including—

(1)(B) any tax—

(i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam or both, except a tax of a kind specified in section 507(a)(8).

11 U.S.C. § 503(b)(1)(B)(i) (West, 2010).

█ The Court finds that real property taxes are within the scope of 11 U.S.C. § 503(b)(1)(B). *In re Stokes,* 2010 WL 3980232, *1 (Bankr.E.D.Tenn. Oct.8, 2010) (citing *City of White Plains v. A & S Galleria Real Estate Inc. (In re Federated Department Stores, Inc.),* 270 F.3d 994, 1000 (6th Cir.2001)). *Stokes* holds that "[i]n determining whether real property taxes owed to the City should be allowed as an administrative expense under 11 U.S.C. § 503(b)(1)(B)(i), the court must decide whether the taxes where (1) incurred by the estate, and (2) of the kind specified in § 507(a)(8)." *Stokes,* 2010 WL 3980232 at *1.

#### A. Determining Whether a Tax is Incurred

█ In determining whether a tax is incurred for purposes of § 503(b)(1)(B), *Federated Department Stores* holds that a property tax is incurred when it accrues and becomes a fixed liability. *Federated Department Stores,* 270 F.3d at 1001–04. *See* 4 Colliers on Bankruptcy ¶ 503.07[1] (15th ed. 2008) (stating that the "significant event is the date the tax accrues and becomes a fixed obligation."). To determine when a tax becomes a fixed obligation the Court must turn to state law. *Federated Department Stores,* 270 F.3d at 1001–04.

#### B. Creation of Tax Lien and its Priority

█ In Virginia, Va.Code § 58.1–3344 states that "[t]ax assessed against real estate subject to taxes shall be a lien on the property." Additionally, Va.Code § 58.1–3340 states that "[t]here shall be a lien on real estate for the payment of taxes and levies assessed thereon prior to any other lien or encumbrance." The result of these provisions is that a tax lien becomes a personal liability of the owner and a priority lien against the real property. *In re Polumbo,* 271 F.Supp. 640 (W.D.Va.1967). *See also, Kincheloe v. Gibson,* 115 Va. 119, 78 S.E. 603 (1913).

#### C. When Tax Liability and Lien Attach

█ The liability of the property owner and the lien on the real property are imposed on the first day of January of each year for which the tax is assessed. *Kincheloe v. Gibson,* 115 Va. 119, 78 S.E. 603 (1913) and *James T. Bush Construction Co., Inc. v. Patel,* 1990 WL 751319, *2, 21 Va. Cir. 353, 353 (Va.Cir.Ct. Oct.11, 1990).

#### D. The Bankruptcy Estate's Obligation

█ Having determined that a tax liability becomes the obligation of the "owner" of the property and that a tax lien attaches to the real property the next question the Court must determine is whether the estate was the "owner" of the real property subject to the disputed taxes such that it incurred the real property tax liability while the real property was property of the estate.

11 U.S.C. § 541(a)(1) states that

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is com-

prised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1) (West, 2010). The legislative history of this provision states that

Under paragraph (1) subsection (a), the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the commencement of the case. The scope of this provision is broad.... [and] [t]he debtor's interest in property also includes "title" to property, which is an interest, just as are a possessory interest, or leasehold interest, for example.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), reprinted in (1978); S.Rep.No. 989, 95th Cong., 2d Sess. 82, reprinted in (1978). Additionally, the legislative history makes clear that "[o]nce the estate is created, no interests in property of the estate remain in the debtor." *Id. See also State of Missouri v. U.S. Bankruptcy Court for the Eastern District of Arkansas*, 647 F.2d 768 (8th Cir.1981) *cert. denied* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982).

Pursuant to § 541(a)(1) the Court finds that when the Debtor's involuntary petition was filed a case was commenced under 11 U.S.C. § 303(b) and a bankruptcy estate was created. *In re Transcolor Corp.* 296 B.R. 343 (Bankr.D.Md.2003). In this case, the Debtor's involuntary petition was filed on June 14, 2004. When the bankruptcy estate was created it immediately encompassed all of the Debtor's property. Since under § 541(a)(1) the estate acquires "title" to a debtor's real property as of the commencement of the case and at the same time the debtor loses his interest in said property, the Court

finds that upon commencement of the Debtor's bankruptcy case, under 11 U.S.C. § 303, the estate became the "owner" of the Debtor's real property. As the "owner" of the real property the estate bears the real property tax liability incurred with respect to the Debtor's real estate which is assessed after the date of the petition, June 14, 2004.

## II. Analysis of the 2004 Real Property Taxes

■ With regard to real property taxes for 2004, the Court finds that the real property subject to said taxes was owned by the pre-petition Debtor and not the estate as of January 1, 2004, the time the taxes for that year were incurred. Therefore, the Court finds that the real property taxes for 2004 were not incurred by the bankruptcy estate and fail to satisfy the first requirement of § 503(b)(1)(B). Accordingly, the Court holds that the 2004 real property tax does not qualify as an administrative expense under § 503(b)(1)(B).

## III. Analysis of the Real Property Taxes for 2005 through 2010

### A. Estate Incurred the Real Property Taxes for 2005 through 2010

■ The Debtor's involuntary petition was filed on June 14, 2004, and it is uncontroverted that the real property was property of the estate for all of 2005 through 2010. Therefore, taxes due for 2005 through 2010, became secured tax liens on the property at issue while said property was "owned" by the estate. Accordingly, the Court finds that real property taxes for 2005 through 2010 were incurred by the estate and thus, satisfy the first requirement of § 503(b)(1)(B).

### B. Applicability of 11 U.S.C. § 507(a)(8)

■ 11 U.S.C. § 503(b)(1)(B) excludes taxes of a kind specified in 11 U.S.C. § 507(a)(8). 11 U.S.C. § 507(a)(8) states:

(a) The following expenses and claims have priority in the following order ...

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for

(B) a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

11 U.S.C. § 507(a)(8) (West, 2010). The real property taxes for 2005 through 2010 are accorded priority lien status under Virginia law. Because § 507(a)(8) only pertains to "allowed *unsecured* claims of governmental units" the real property taxes owed Rockbridge County for 2005 through 2010 are not of the kind specified in § 507(a)(8).[1]

### Conclusion

The Court finds that the real property taxes assessed by Rockbridge County, Virginia on real property held by the Debtor's estate for the years from 2005 through 2010 constitute administrative expenses under 11 U.S.C. § 503(b)(1)(B). The Court also finds that the real property tax assessed by Rockbridge County, Virginia for 2004 on the real property at issue does not constitute an administrative expense under 11 U.S.C. § 503(b)(1)(B).[2] Accordingly, it is **ORDERED**

That the Application for Allowance of Administrative Expense filed by Carol Hines, Treasurer of Rockbridge County, Virginia, is hereby **GRANTED** in part and **DENIED** in part. The real property taxes assessed on the real property held by the estate for the years 2005 through 2010

constitute administrative expenses under 11 U.S.C. § 503(b)(1)(B). The real property tax assessed on the real property held by the estate for the year 2004 does not constitute an administrative expense under 11 U.S.C. § 503(b)(1)(B).

Copies of this Order are directed to be sent to the Chapter 7 Trustee, Roy V. Wolfe, III, Esquire; to Carol Hines, Treasurer of Rockbridge County, Virginia, P.O. Box 784 150 South Main Street, Lexington, VA 24450; and to counsel for the Debtor, Dale A. Davenport, Esquire.

1. Furthermore, these real property taxes do not fall under the scope of § 507(a)(8) because said taxes were incurred after the commencement of the Debtor's case in 2004.

2. The Court notes that in his response to the Application the Chapter 7 Trustee argues that the estate did not receive a benefit from the

real property and therefore, no tax can be said to have been incurred by the estate. However, *In re Baltimore Marine Industries Inc.*, 344 B.R. 407, 414 (Bankr.D.Md.2006) holds that "it is obvious that benefit to the estate is not a prerequisite for the allowance of a tax claim as an administrative expense under [§ 503]."